HEINRICH v. VAN WRICKLER.

(Supreme Court, Appellate Division, Second Department.   February 11, 1903.)

1  REPLEVIN—PREVIOUS DEMAND—SUFFICIENCY
        A sufficient demand necessary to support replevin of a chattel held by
    defendant under a contract of conditional sale is not shown by proof of
    a demand on third persons not having custody or control of the property,
    or of a statement by the officer serving the replevin papers, made after
    breaking a door in accomplishing their service, that he had them.

Appeal from municipal court, borough of Queens, Second district.
   Action by Frederick W. Heinrich against Jessie Van Wrickler
From a judgment for defendant entered on a dismissal of the com-
plaint at the close of plaintiff's evidence, he appeals.   Affirmed.
   Argued before GOODRICH, P. J., and BARTLETT, WOOD-
WARD, and HIRSCHBERG, JJ.

William Morris, for appellant.
Fred G. De Witt, for respondent.

PER CURIAM.   This is a suit in replevin for the recovery of a
piano in the possession of the defendant under a contract of condi-
tional sale.   As such possession was lawfully acquired, it was neces-
sary for the plaintiff to prove a demand for the return of the chattel
in order to maintain proceedings and an action in replevin.   This
he failed to do, and the municipal court justice dismissed the com-
plaint on account of this defect in the proof.   While there was evi-
dence of a demand, it was of a demand addressed, not to the defend-
ant herself, but to a person or persons not shown to have any cus-
tody or control of the property.   The so-called demand made by the
marshal upon the defendant personally appears to have been nothing
more than a statement to the effect that he had replevin papers to
replevy the piano, after he had broken in her door in order to gain
access to it.   The judgment should be affirmed.

Judgment of the municipal court affirmed, with costs.